IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Criminal Case No. 1:13-cr-00095 (RDA)<br>EDWIN BARCUS, JR.,   )<br>)<br>Defendant.   ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Edwin Barcus, Jr.'s ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). Dkt. 41. The Court dispenses with oral argument as it would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J). Accordingly, the Motion is fully briefed and ripe for disposition. Considering the Motion, the Government's Response in Opposition to the Motion ("Opposition") (Dkt. 44), and Defendant's Reply (Dkt. 45), and for the reasons that follow, it is hereby ORDERED that Defendant's Motion is DENIED.

I. BACKGROUND

On March 11, 2013, Defendant waived indictment and pleaded guilty to criminal information charging him with engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). Dkt. Nos. 18; 19; 20. Accordingly, on June 11, 2015, Defendant was sentenced to 300 months of imprisonment, to be followed by 10 years of supervised release. Dkt. 32. Defendant was also ordered to pay $177,050.23 in restitution. *Id.*

As part of Defendant's guilty plea, he agreed to the veracity of the following facts. *See generally* Dkt. 22. Starting in and around August of 2007 and ending on or about January 29, 2013, Defendant knowingly engaged in a child exploitation enterprise involving at least twenty-

three women and seven minor girls, four of them being just sixteen years of age. *Id.* ¶¶ 1, 10. Defendant and his co-conspirators prostituted these individuals in places including Ashburn, Herndon, and Sterling, Virginia; Augusta, Atlanta, Marietta, Macon, and Savannah, Georgia; Tallahassee, Florida; Myrtle Beach and Charleston, South Carolina; Murfreesboro, Tennessee; Baltimore, Maryland; and Charlotte, North Carolina. *Id*. ¶ 10. Defendant knew that some of the minor girls in his employ "were runaways, and the mother of one girl came to retrieve her daughter" from Defendant. *Id.* ¶ 11. Defendant sometimes stole from, tattooed his nickname onto, and beat the persons who worked for him. *Id*. And in at least one instance, Defendant broke a woman's nose, gave her two black eyes, and then refused to get her medical attention. *Id.* ¶¶ 21, 29, 44. Defendant had sexual relations with the women and girls that he recruited for prostitution. *Id.* ¶¶ 20, 22. Defendant also traveled with a minor relative who "acted as a 'lookout' to ensure that the police were not around, held money and ran errands for [ ] [Defendant] and the child exploitation enterprise, and sometimes stayed in the closet of the hotel room when girls were having sexual relations with customers to provide protection for the girls." *Id.* ¶ 9.

On June 14, 2021, Defendant wrote a letter to this Court seeking a sentence reduction under 18 U.S.C. § 3582 on the grounds that the prosecution "blew the case completely out of proportion[,]" and that he has been rehabilitated by taking courses in prison and reconnecting with his father and son. Dkt. 41. On June 30, 2021, the Government filed its Opposition. Dkt. 44. On July 27, 2021, Defendant filed his Reply. Dkt. 45.

## II.  ANALYSIS

Defendant requests that this Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to time served followed by 10-15 years of supervised release or 180 months imprisonment followed by 10 years of supervised release. *See* Dkt. Nos. 41 at 1; 45 at 10.

In his briefs, Defendant argues that this reduction is warranted for several combined reasons. *Id.* Defendant submits that his momentous rehabilitation, nearly three years of no incidents in prison and his newfound familial bonds constitute "extraordinary and compelling reasons" for authorizing a reduction in sentence. *Id.* at 3; Dkt. 45 at 9. Defendant also maintains that his young age at the time of his offense and the substantial amount of time served justify a sentence reduction. Dkt. 45 at 5-6.

### A. Whether Defendant's Motion is Ripe for Review

Defendant asserts that he has exhausted administrative remedies, as he had not received a response from the warden thirty days after filing his request for compassionate release with BOP. Dkt. 45 at 1-2. The Government disagrees on the grounds that the warden never received Defendant's request. Dkt. 44 at 4. For the reasons that follow, this Court finds Defendant's Motion is ripe for review because he has satisfied the requirements of § 3582(c)(1)(A).

Section 3582 permits a defendant to file a motion before this Court after first requesting that the BOP bring a motion on his behalf provided that the defendant has (1) "fully exhaust[ing] all administrative rights to appeal . . . or" (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). As this circuit recently concluded, "[t]he words "or" and "whichever" make it unambiguously clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement." *United States v. Muhammad*, 16 F. 4th 126, 130 (4th Cir. 2021) (citing *United States v. Garrett*, 15 F. 4th 335, 338 (5th Cir. 2021)).

Here, Defendant includes in his Reply a sworn declaration attesting to the fact that he "surrender[ed] a Compassionate Release Application to [his] Housing Unit Team" between April 14, 2021 and May 7, 2021. Dkt. 45-1 at 1. The Government has represented to this Court that the

Bureau of Prisons ("BOP") has denied receiving any such request. Dkt. 44 at 4. However, because that result is not inconsistent with Defendant's account, and while for purposes of this disposition not necessarily disbelieving the Government's account, the Court accepts Defendant's sworn statement, assuming that the request was made no later than May 7, 2021.

Defendant may file a motion before this Court 30 days after he has filed his request before the BOP. Defendant filed his motion before this Court on June 14, 2021. Dkt. 41. Noting that more than 30 days had passed between those two filings, Defendant's motion is ripe for review. *See Muhammad*, 16 F.4th at 129 ("The text of § 3582(c)(1)(A) plainly provides that a defendant may file a motion on his own behalf 30 days after the warden receives his request, regardless of whether the defendant exhausted his administrative remedies.").

B.   Whether Sentence Reduction is Warranted

Turning to whether such conditions exist to justify Defendant's release, this Court finds under the present circumstances, "extraordinary and compelling reasons" do not exist to warrant a sentence reduction pursuant to § 3582(c)(1)(A).

If the court determines that a defendant has satisfied the exhaustion requirement, the Court must next determine whether the "factors set forth in section 3553(a)" and "extraordinary and compelling reasons" warrant the defendant's reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020).

The First Step Act, the statute authorizing courts to consider motions for compassionate release like the one Defendant brings, states that reduction is appropriate only in "extraordinary and compelling" circumstances. The text of the statute does not define the term, however, and Congress instead delegated to the United States Sentencing Commission ("the Sentencing

Commission") the responsibility of defining the scope of that phrase. *Id.* Accordingly, 28 U.S.C. § 994(t) provides that:

> [t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Sentencing Commission determined, in pertinent part, that:

> [u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .[1] (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Further, the Sentencing Commission has indicated that if a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," then "extraordinary and compelling reasons exist" if the defendant's medical condition, age, family circumstances, or other reason justify such release. U.S.S.G. § 1B1.13, cmt. n.1. In weighing the danger the Defendant poses to the community, courts are directed to consider a number of factors including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves a minor victim[;]" "the weight of the evidence against the person;" "the history and characteristics of the person[;]" and "the nature and seriousness of the

---

[1] Defendant is not "at least 70 years old," U.S.S.G. § 1B1.13, and thus, the omitted subsection (1)(B) is inapplicable to the case at hand.

danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

After the enactment of the First Step Act, many district courts, including this Court, have determined that the factors set forth in U.S.S.G. § 1B1.13, cmt. n.1 "provide[ ] helpful guidance, but . . . do[ ] not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)) (citing *United States v. Redd*, 444 F. Supp. 3d 717, 725-26 (E.D. Va. 2020) and other cases). To be sure, § 3582(c)(1)(A) "requires [ ] that sentence reductions be consistent with 'applicable policy statements.'" *McCoy*, 981 F.3d at 281 (quoting 18 U.S.C. § 3582(c)(1)(A)). And there remains "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

This Court has "join[ed] other courts in concluding that a court may find . . . that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) . . . ." *Redd*, 444 F. Supp. 3d at 726. Accordingly, this Court will treat the § 1B1.13 cmt. n.1(A)-(C) factors as a guide, but not as an exhaustive list of circumstances that could justify compassionate release. *See also United States v. Jackson*, No. 3:17-cr-29-2, 2021 WL 1723653, at *1 (E.D. Va. Apr. 30, 2021) (finding "[t]he policy statements are not binding but are informative and may be considered") (citing *McCoy*, 981 F.3d at 276). The *McCoy* court noted, however, that § 1B1.13 "remains helpful guidance even when motions are

filed by defendants." 981 F.3d at 282 n.7. In the wake of *McCoy*, this circuit continues to consult § 1B1.13 for compassionate release motions. *See, e.g.*, *United States v. Trotman*, No. 20-6217, 2020 WL 7392287, at *2 (4th Cir. Dec. 17, 2020) (per curiam); *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam); *United States v. Nabaya*, No. 3:17-cr-3, 2021 WL 54361, at *6 (E.D. Va. Jan. 6, 2021); *United States v. Prater*, No. 3:13-cr-133, 2021 WL 54364, at *3 (E.D. Va. Jan. 6, 2021); *Perkins v. United States*, No. 2:18-cr-177, 2020 WL 7364222, at *2 (E.D. Va. Dec. 15, 2020); *United States v. Reid*, No. 2:02-cr-172-7, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020).

### i. 18 U.S.C. § 3553(a) Factors

This Court must first assess application of the Section 3553(a) to Defendant's case before then turning to an assessment of whether Defendant's grounds for sentence reduction meet the "extraordinary and compelling" threshold. Section 3553(a) requires consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for– . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, on June 11, 2015, Defendant was sentenced to a term of 300 months of imprisonment, to be followed by a ten-year term of supervised release. Dkt. 32. In considering each of the factors set forth in § 3553(a), this Court finds that a term of 300 months of imprisonment remains

7

appropriate, particularly in light of the nature of the offense that Defendant committed. *See* Dkt. 33 at 3 ("The sentence imposed is . . . below the advisory guideline range.")

This Court recognizes and appreciates Defendant's efforts to rehabilitate himself during his term of imprisonment. *See* Dkt. 44-2. It appears that during his incarceration, Defendant has taken advantage of educational opportunities. *Id.* The Court encourages Defendant to continue to take advantage of the rehabilitative opportunities he has been afforded.

On the other hand, Defendant has admitted to dangerous and egregious activity—engaging in a child exploitation enterprise. Dkt. Nos. 18; 19; 20. The Statement of Facts supporting Defendant's guilty plea details a violent and brutal comportment towards vulnerable children. Moreover, notwithstanding the instant conviction, Defendant brings before this Court a significant criminal record, sufficient to place him in Criminal History Category VI, *see* Dkt. 33, which is the highest category available under the Federal Sentencing Guidelines sentencing table. And while Defendant "accept[s] responsibility" for his offense, he troublingly qualifies his admission with his view that "the FBI and the prosecution just blew the case completely out of proportion." Dkt. 41 at 2-3. An inability to recognize the gravity of one's offense factors directly into the § 3553(a) analysis. Defendant's belief that the prosecution "blew the case completely out of proportion" and that he never placed women "in a harmful position" or "put [his] hands on them" is patently false. Not only did Defendant "put [his] hands" on his victims, but he also systematically placed them in "harmful position[s]" for his own profit. Dkt. 22 ¶¶ 21, 29, 44 (describing how Defendant broke a woman's nose, gave her two black eyes, and then refused to get her medical attention). Having a patent inability to embrace the gravity of his offense is a hallmark sign that Defendant has not come close to rehabilitation.

As to his age at the time of the offense and the time he has since served, Defendant relies on *United States v. Nafkha*, No. 2:95-CR-00220-001-TC, 2021 WL 83268 at *6 (D. Utah Jan.11, 2021) for the proposition that the seriousness of the offense consideration can be mitigated where the defendant was young when he committed the underlying offense and many years have passed. *See* Dkt. 45 at 8. This is a gross oversimplification of that case's holding. The *Nafka* court did consider youth and time passed, but only as part of its broader analysis related to a significant change in stacking sentences since that defendant's sentencing coupled with the sentencing disparities with his co-defendants—neither of which is at issue here. *See Nafka*, 2021 WL 83268 at *6-7. Moreover, the defendant in *Nafka* had spent 25 years in prison, and the reduced risk of recidivism implied by that fact and expressly relied on by the court in *Nafka* is not present in this case. *See id.* Here, Defendant has served somewhat less than half of his 25-year sentence.

This Court has recognized that when a defendant's sentence served reflects a small proportion of the overall sentence, the § 3553(a) factors are not adequately met. *See, e.g.*, *United States v. Revis*, No. 2:18-cr-140, 2021 WL 1821724, at *2 (E.D. Va. Apr. 12, 2021) (finding that granting compassionate release after the defendant had served less than 25% of his sentence "would not adequately reflect the seriousness of the offense, provide just punishment, promote respect for the law, or provide sufficient protection to the public"); *United States v. Evans*, No. 3:00-cr-63, 2020 WL 5121331, at *7 (E.D. Va. August 31, 2020) (finding that defendant's health conditions did not constitute "extraordinary and compelling reasons" for compassionate release considering "well under half" of defendant's sentence had been served and therefore "would not 'provide just punishment' or 'afford adequate deterrence'" (citing § 3553(a)(2) factors)); *United States v. Lloyd*, No. 2:11-cr-36, 2020 WL 4501811, at *3 (E.D. Va. August 5, 2020) (finding that a defendant who had serves "less than half of his sentence even when sentencing credits [were]

9

considered" did not effectively address "[t]he need to provide adequate deterrence" and "to avoid unwarranted sentencing disparities").

Defendant next argues that his rehabilitation efforts should mitigate the history and characteristics consideration, because his conduct since his sentencing "provides the most up-to-date picture" of his history and characteristics. *Pepper v. United States*, 562 U.S. 476, 492 (2011); *see* Dkt. 45 at 8. However, unlike the defendant in *Pepper*, Defendant has engaged in violent behavior as recently as August 29, 2019. *See* Dkt. 44-1 at 1. This conduct does not serve to mitigate Defendant's history of violent crime. Defendant repeatedly represents to the Court in his Reply that he has not had a "disciplinary infraction in nearly three years[,]" but his disciplinary record is to the contrary. Dkt. 45 at 9; *see* Dkt. 44-1 at 1. A review of Defendant's disciplinary record, which includes fighting and weapon possession, reflects that his incarceration has not deterred him from engaging in violent conduct. Dkt 44-1 at 1-4. Defendant's sentence adequately provides the necessary time Defendant requires to be deterred from committing future criminal offenses and to receive the sufficient educational and vocational training he needs to fully rehabilitate. On balance, the Court finds that the application of the § 3553(a) factors weigh against sentence reduction.

ii.   U.S.S.G. § 1B1.13, cmt. n.1(A)-(C) Factors

In weighing the danger the Defendant poses to the community, the nature of the offenses charged precludes consideration of other facts such as Defendant's current medical conditions, age or family circumstances. Defendant "is a danger to the safety" of persons in his community. U.S.S.G. § 1B1.13, cmt. n.1. Defendant's offense involved child exploitation, and to his credit Defendant pled guilty to the offense. But to his discredit, Defendant also had the highest possible

statutory criminal history level prior to his conviction, buttressing this Court's view that, at this time, Defendant poses significant danger to the public. 18 U.S.C. § 3142(g).

Even if this Court did not deem Defendant sufficiently dangerous under the § 3142(g) factors, Defendant's current medical conditions, age, nor apparent family circumstances do not suggest "extraordinary and compelling reasons" that warrant a reduction in the term of Defendant's imprisonment.

a. Medical Condition of Defendant

With respect to medical conditions, U.S.S.G. §1B1.13, cmt. n.1(A) provides that an "extraordinary and compelling reason" exists where:

> (i) [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Additionally, subsection (ii) of that same provision sets forth that a defendant's medical conditions may be indicative of a "an extraordinary and compelling reason" for release when a defendant is:

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Defendant has not demonstrated to the Court that he has a medical condition that may be presently described by the characteristics set forth in U.S.S.G. § 1B1.13, cmt. n.1(A)(i) and (ii), and thus § 1B1.13, cmt. n.1(A)(i) and (ii) do not counsel in favor of release.

### b. Age of Defendant

Further, because Defendant is 36 years old, his age does not support a finding of immediate release from imprisonment. United States Sentencing Guideline § 1B1.13, cmt. n.1(B) indicates that "extraordinary and compelling reasons" exist where "[t]he defendant (i) is *at least 65 years old*; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n.1 (B) (emphasis added). Defendant does not meet the age requirement, which further supports a finding that compassionate release is inappropriate.

### c. Family Circumstances

Additionally, "extraordinary and compelling reasons" for release may exist when "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" has occurred or where "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner[,]" has taken place. U.S.S.G. § 1B1.13(C).

Here, while Defendant describes his strengthened familial relationships, he does not assert extenuating family circumstances as an "extraordinary and compelling" basis for a reduction in his sentence and nor does Defendant carry the burden of showing he is the "*only* available caregiver" for his parents. *See generally* Dkt. Nos. 41; 45; U.S.S.G. § 1B1.13(C) (emphasis added).

### d. Other Reasons

Finally, U.S.S.G. § 1B1.13(D) explains that "extraordinary and compelling" circumstances may be present where "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the

reasons described in subdivisions (A) through (C)." For the reasons set forth above, this Court will not rely on the provision of subsection C that requires that an additional reason be first "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13(D). Accordingly, this Court will address the "other reasons" that Defendant argues justify a reduced sentence.

### 1. *Defendant's age at time of offense*

Defendant relies on *McCoy* for the proposition that a defendant's "relative youth" at the time of their offense may be an extraordinary and compelling reason for sentence reduction. Dkt. 45 at 5-6. However, relative youth was secondary to the primary considerations of the defendants' severity of sentences and the disparity between the defendants' sentences and those provided for under the First Step Act. *See McCoy*, 981 F.3d at 286 ("In sum, we find that the district courts permissibly treated as "extraordinary and compelling reasons" for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act."). The individualized assessment of the defendants in *McCoy*, coupled with the fact that such defendants received sentences that were 30 and 200 months longer than they would have received if sentenced today, led to the court finding an "extraordinary and compelling" basis to grant compassionate release. *Id.* at 283. No such circumstances are present in the instant case because the sentencing court applied the same § 3553(a) factors it would apply today.

### 2. *Defendant's rehabilitation*

Defendant next claims that he has been rehabilitated and thus should be given a reduced sentence. Dkt. 41 at 2-3. However, rehabilitation alone is not an extraordinary and compelling reason for sentence reduction. *United States v. Hill*, No. 3:14-cr-114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) ("[Defendant] displays significant progress in his rehabilitation and this

13

Court commends him for doing so. [B]ut Congress made clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.' 28 U.S.C. § 994(t)."); *see also United States v. Woolridge*, 2021 WL 415131, at *3 (E.D. Va. Feb. 24, 2021). Moreover, as explained above, Defendant either fails to take responsibility for his actions or fails to comprehend the significance of his odious and predatory actions. Such lack of complete remorse is further evidenced by Defendant's disciplinary record, which reflects six offenses, the most recent one being violent in nature, though this Court does recognize and commend that more than two years have passed since that final incident. *See* Dkt. 44-1 at 1.

Additionally, Defendant's educational bona fides do not constitute an extraordinary and compelling reason for sentence reduction. Dkt. 41 at 3; *see, e.g.*, *United States v. Morgan*, No. 3:18cr48, 2021 WL 1743945, at *7 (E.D. Va. May 4, 2021), *appeal filed*, No. 21-6809 (4th Cir. May 25, 2021) ("While Morgan's participation in rehabilitative programs and work during his time incarcerated are commendable, these post-rehabilitation measures do not warrant his early release in light of the seriousness of his convictions and the time remaining on his sentence."); *United States v. Pilgrim,* No. 3:19-cr-50-01, 2021 WL 2003548 at *4 (E.D. Va. May 19, 2021) (defendant's "commendable activity" in taking "educational and vocational courses and earn[ing] [his] GED" did "not overcome [his] violent offense conduct or lessen in any way the need to deter [him] and to protect the public"); *Woolridge*, 2021 WL 415131, at *3 ("And the Sentencing Commission has emphasized that a defendant's rehabilitation while incarcerated, alone, proves insufficient to warrant a sentence reduction."); *Hill*, 2020 WL 6049912, at *5 ("Congress made clear [in 28 U.S.C. § 994(t)] that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'" for granting a motion for compassionate release); *see also id.* (describing how despite defendant's "participation in an extensive number of educational and

14

vocational programs[,]" such efforts do "not warrant his early release in light of the seriousness of his convictions and the time remaining on his sentence."); *Lloyd*, 2020 WL 4501811, at *4 n.7 ("[Defendant's] good behavior and pursuit of education in an institutional setting is insufficient to tip the scales in his favor based on the consideration of the record as a whole."). While this Court commends Defendant for his commitment to rehabilitation, this factor on its own, or in combination with the other factors Defendant has raised, cannot justify a reduction in sentence.

### 3. *The amount of time Defendant has already served*

Defendant argues that having served some of his sentence is *in and of itself* an extraordinary and compelling reason for a sentence reduction based on his reading of *McCoy*. Dkt. 45 at 6-7. However, as described above, not only does this Court consider time served that is less than half of the amount of the sentence uncompelling for compassionate release, the amount of time served was only a secondary consideration in *McCoy*. The *McCoy* court was primarily compelled to reduce the defendant's sentence due to the undeniably significant sentence disparities affecting a defendant's term of imprisonment as a result of a change in sentencing law. *See McCoy*, 981 F.3d at 285-86. Without the additional disparities highlighted in *McCoy*, Defendant's argument cannot succeed, or all sentences would be subject to early termination by district courts. Compassionate release would then be the primary device for the termination of a federal prison sentence, a result the statute does not compel.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 41) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
February 9, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge

15